IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| OMAR RAFAEL CLAUDIO PANTOJAS | |
|---|---|
| Plaintiff | CIVIL 16-2100CCC |
| vs | |
| UNITED STATES OF AMERICA | |
| Defendant | |

**OPINION AND ORDER**

Pending before the Court are the following motions: (a) Omar Rafael Claudio Pantojas' (hereinafter "Petitioner" or "Claudio Pantojas") *pro se* Motion Under 28 U.S.C. to Vacate, Set Aside, or Correct Sentence filed on June 15, 2016 (**d.e. 1**); (b) the United States of America's (hereinafter "Respondent" or the "Government") Motion to Dismiss Petitioner's Successive Petition to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (**d.e. 4**); (c) Petitioner's *pro se* Motion for Judgment filed on March 7, 2017 (**d.e. 7**); (d) the Federal Public Defender's (FPD) Response in Opposition to the Government's Motion to Dismiss filed on June 9, 2017 (d.e. 9); the FPD's Supplemental Brief in Support of Petitioner's Section 2255 Motion filed on June 9, 2017 (**d.e. 10**). For the reasons discussed below, the Court hereby ORDERS that the Petition be DISMISSED.

## I. BACKGROUND

On January 29, 1997, Claudio Pantojas was charged in a four-count Second Superseding Indictment with violations of 18 U.S.C. § 2119(1) & (3) (carjacking) and 18 U.S.C. § 924(c)(1)(3) (possession of a firearm in relation to a crime of violence) (Criminal No. 96-75CCC, d.e. 54).

**Count One (1)** charged that on or about February 12, 1996, in the District of Puerto Rico, defendant Omar Rafael Claudio Pantojas and other co-defendants, aiding and abetting each other, with the intent to cause death or serious bodily harm, did take a motor vehicle, that is, a 1989 Ford Mustang, License Plate Number BME-608, vehicle registration number 1FABP41E9KF163578, said motor vehicle having been transported, shipped or received or transported in interstate or foreign commerce, from the person or presence of Victoriano González Vázquez, by force and violence or by intimidation. All in violation of 18 U.S.C. §§ 2119(1) and (2) (Criminal No. 96-75CCC, d.e. 54, d.e. 130 at 3).

**Count Two (2)** charged that on or about February 12, 1996, in the District of Puerto Rico, defendant Omar Rafael Claudio-Pantojas and other two co-defendants, aiding and abetting each other, did use and carry a firearm, as this term is defined in Title 18, <u>United States Code</u>, Section 921(a)(3) during and in relation to a crime of violence, to wit, an armed motor vehicle theft (carjacking) of a

1989 Ford Mustang, License Plate Number BME-608, vehicle registration number 1FABP41E9K163578; an offense for which he may be prosecuted in a Court of the United States. All in violation of 18 U.S.C. §§ 924(c)(1)(3) and (2) (Criminal No. 96-75CCC, d.e. 54, d.e. 130 at 3).

**Count Three (3)** charged that on or about February 12, 1996, in the District of Puerto Rico, defendant Omar Rafael Claudio Pantojas and other co-defendant, aiding and abetting each other, with the intent to cause death or serious bodily harm, did take a motor vehicle, that is, a 1991 Honda Accord, License Plate Number BFN-551, vehicle registration number JHMCB7667MC, said motor vehicle having been transported, shipped, or received in interstate and foreign commerce, from the person or presence of Eliezer Ortiz Rodríguez, by force and violence, thereby causing his death. All in violation of 18 U.S.C. §§ 2119(3) and 2 (Criminal No. 96-75CCC), d.e. 54, d.e. 130 at 4).

**Count Four (4)** charged that on or about February 12, 1996, in the District of Puerto Rico, defendant Omar Rafael Claudio Pantojas and other co-defendant, aiding and abetting each other, did use and carry a firearm, as this term is defined in Title 18, <u>United States Code</u>, Section 921(a)(3) during and in relation to a crime of violence, to wit, an armed motor vehicle theft (carjacking) of a 1991 Honda Accord, License Plate Number BFN-551, vehicle registration number JEMCB7667MC; an offense for which he may be prosecuted in a Court

of the United States. All in violation of 18 U.S.C. §§ 924(c)(1)(3) and 2 (Criminal No. 96-75CCC, d.e. 54, d.e. 130 at 4).

On April 1, 1997, Claudio Pantojas pled guilty pursuant to a straight plea to as to all our counts (Criminal No. 96-75 (CCC), d.e. 75). On September 23, 1997, Judgment was entered sentencing Claudio Pantojas to a term of imprisonment of 405 months as to each of Counts One and Three to be served concurrently with each other, and to a term of five years as to each of Counts Two and Four to be served consecutively with each other and consecutive to the terms imposed in Counts One and Three (Criminal No. 96-75CCC, d.e. 139). On October 3, 1997, Claudio Pantojas filed a Notice of Appeal from the Judgment (Criminal No. 96-75CCC, d.e. 140). On October 30, 1998, the Court of Appeals affirmed Claudio Pantojas' conviction but ordered that the sentence of 405 months imposed on Count ONE under 18 U.S.C. § 2119(1) be vacated and remanded for imposition of the statutory maximum sentence of 180 months (Criminal No. 96-75CCC, d.e. 191, d.e. 236). In compliance with the Court of Appeals' Mandate[1], Amended Judgment was entered on October 18, 2007, sentencing Claudio Pantojas to 180 months as to Count One, 405 months as to Count Three, to be served concurrently with each other and 5 years as to Counts Two and Four, to be served consecutively to each other and also consecutive to the terms imposed in Counts One and Three (Criminal No. 96-75CCC, d.e. 191, d.e. 237). On November 2, 2007, Claudio Pantojas filed a Notice of Appeal from the Amended Judgment (Criminal No. 96-75CCC, d.e. 239). On

---

[1] See Order at docket entry 236 (Criminal No. 96-75CCC).

February 19, 2009, the Court of Appeals affirmed the Amended Judgment (Criminal No. 96-75CCC, d.e. 247).

On June 15, 2016, Claudio Pantojas filed this 28 U.S.C. § 2255 motion seeking to vacate, set aside or correct his sentence under <u>Johnson v. United States</u>, 576 U.S. ___, 135 S.Ct. 2551 (2015). On July 26, 2016, the Government filed a Motion to Dismiss Petitioner's § 2255 motion for lack of jurisdiction alleging that it is an unauthorized second § 2255 motion (d.e. 4). On March 7, 2017, Petitioner filed a Motion for Judgment (d.e. 7). On June 9, 2017, the FPD filed on behalf of Petitioner a Response in Opposition to Government's Motion to Dismiss (d.e. 9). On June 9, 2017, the FPD filed a Brief in Support of Petitioner's Section 2255 Motion (d.e. 10).

**II.  DISCUSSION**

Petitioner moves to vacate, set aside or correct his sentence claiming that his Section 924(c) convictions should be vacated pursuant to <u>Johnson v. United States</u>, 576 U.S. ___, 135 S.Ct.2551 (2015) ("<u>Johnson II</u>") (d.e. 1, d.e. 10). Claudio Pantojas avers that <u>Johnson II</u>, which struck down the residual clause of the Armed Career Criminal Act ("ACCA") due to vagueness, invalidates the similarly worded residual clause of Section 924(c)(3)(B). (Id.) Claudio Pantojas argues that the "crime of violence" charge alongside the Section 924(c) violations - carjacking and carjacking resulting in death - fail to

categorically qualify as a crime of violence under the statute's "force clause," 18 U.S.C. Section 924(c)(3)(A) (Id). Claudio Pantojas claims that without 924(c)'s residual clause, he is not guilty of Counts Two and Four and his conviction and sentence on those grounds must be vacated (Id).

In <u>Johnson v. United States</u>, 576 U.S. __, 135 S. Ct. 2551 (2015), the U.S. Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." <u>Johnson</u>, 576 U.S. at ____, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for defendants with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). The underlined portion is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide- ranging" and

"indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson II announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, 578 U.S. ___, 136 S.Ct. 1257 (2016).

Section 924(c)(1)(A), pursuant to which Petitioner was convicted, prohibits the possession of a firearm in furtherance of a "crime of violence" or a drug trafficking crime. Section 924(c)(3) defines "crime of violence" as "an offense that is a felony and - (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. section 924(c)(3)(B). The first of these two clauses is referred to as the "force clause." See United States v. Rose, 896 F.3d 104, 106 (1st Cir. 2018). The second is known as the "residual clause." Id. It should be noted that petitioner was convicted and sentenced under the provision of 18 U.S.C. § 924(c) that pertains to the use of a firearm during and in relation to a carjacking.[2]

---

[2] Section 2119 defines carjacking as follows: Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall--- . . . "18 U.S.C. section 2119.

In <u>Johnson v. United States</u> (<u>Johnson I</u>), 559 U.S. 133 (2010), the Supreme Court held that to qualify as a "crime of violence" under the force clause, an offense must have as an element the use, attempted use, or threatened use of a violent physical force "that is, force capable of causing physical pain or injury to another person." <u>Johnson</u>, 559 U.S. at 140 (2010). On September 14, 2018, the First Circuit Court of Appeals determined that the federal offense of carjacking categorically qualifies as crime of violence under the force clause of section 924(c). <u>United States v. Cruz-Rivera</u>, 904 F.3d 63, 66-67 (1st Cir. 2018). Other circuits to confront the question after <u>Johnson I</u> have also concluded that carjacking qualifies as a crime of violence under the elements clause. See <u>United States v. Gutierrez</u>, 876 F.3d 1254, 1257 (9th Cir. 2017); <u>United States v. Evans</u>, 848 F.3d 242, 247-48 (4th Cir. 2017); <u>United States v. Jones</u>, 854 F.3d 737, 740-41 (5th Cir. 2017); <u>Ovalles v. United States</u>, 861 F.3d 1257, 1267-69 (11th Cir. 2017).

Accordingly, the offense of carjacking in violation of 18 U.S.C. section 2119 for which Claudio Pantojas was convicted and sentenced is categorically a "crime of violence" under the force clause of section 924(c)(3)(A). As neither Petitioner's conviction nor sentence rest upon the residual clause of section 924(c)(3)(B), <u>Johnson II</u> is inapplicable to

the circumstances of his case. Therefore, petitioner's claim seeking his conviction and sentence as to Count Two and Count Four be vacated under Johnson II is DENIED.

## III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner Omar Rafael Claudio Pantojas' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (**d.e. 1**) be and is hereby DISMISSED, with prejudice. Judgment to be entered on this same date.

## IV. CERTIFICATE OF APPEALABILTY

The Court having dismissed Petitioner's request for relief pursuant to 28 U.S.C. § 2255, it is further ordered that no certificate of appealability be issued in the event that Petitioner files a notice of appeal as there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.

At San Juan, Puerto Rico, on September 24, 2019.

S/CARMEN CONSUELO CEREZO
United States District Judge